UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JOHN ROBERT HUBBARD,

        Petitioner,

v.

JOHN CHRISTIANSEN,

        Respondent.
_____/

Case No. 1:18-cv-1078

Honorable Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner John Robert Hubbard is incarcerated with the Michigan Department of Corrections at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan. Petitioner pleaded guilty in the Mecosta County Circuit Court to operating a motor vehicle while intoxicated and to being a habitual offender. On May 10, 2017, the court sentenced Petitioner to a prison term of 40 to 60 months.

On September 8, 2018, Petitioner filed his habeas corpus petition raising the same grounds for relief he raised to the state appellate courts. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on September 8, 2018. (Pet., ECF No. 1, PageID.12.) The petition was received by the Court on September 17, 2018. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that

the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises three grounds for relief, as follows:

I.  [PETITIONER] IS ENTITLED TO RESENTENCING BECAUSE HIS MINIMUM TERM WAS AN UNREASONABLE AND DISPROPORTIONATE SENTENCE.

II. [PETITIONER] IS ENTITLED TO RESENTENCING BECAUSE JUDGE JAKLEVIC VIOLATED HIS DUE PROCESS BY SENTENCING HIM TO THE MAXIMUM ALLOWED TERM FOR A FELONY DRUNK DRIVING AFTER PREVIOUSLY SERVING AS TRIAL PROSECUTOR FOR DEFENDANT'S PREVIOUS DRIVING OFFENSES.

III. [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE FEDERAL AND STATE CONSTITUTIONS, US CONST, AM VI; CONST 1963, ART 1 & 20, WHERE THE TRIAL ATTORNEY FAILED TO MAKE APPROPRIATE OBJECTION IN THE CASE.

(Pet., ECF No. 1, PageID.5, 6, 8.)  Respondent has filed an answer to the petition (ECF No. 8) stating that the grounds should be denied because they are without merit.  Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are without merit.  Accordingly, I recommend that the petition be denied.

## Discussion

### I.  Factual allegations

On March 8, 2017, Petitioner pleaded guilty before Acting Circuit Court Judge Peter M. Jaklevic to operating while intoxicated–third offense, Mich. Comp. Laws § 257.625(9)(c),[1] and habitual offender–second offense, Mich. Comp. Laws § 769.10.  (ECF No.

---

[1] The State presumably convicted Petitioner under this subsection and paragraph.  The Record filed with the Court expressly refers to subsection 9 of Section 257.625 in the State's materials only sparingly. (Information, ECF No. 9-4, PageID.161; Am. Information, ECF No. 9-4, PageID.163.)  Instead, the Record repeatedly cites to subsection 6,

9-2, PageID.111.) Petitioner acknowledged that the plea agreement specified a maximum imprisonment of seven-and-a-half years but that no other promises had been made. (*Id.*, PageID.110.)

Two months later, on May 10, 2017, Petitioner reported to Judge Jaklevic for sentencing. At the hearing, Judge Jaklevic referenced the sentencing guidelines and articulated the factors he must consider in determining a minimum sentence, including proportionality; "protection of the society; reformation or rehabilitation of the offender . . . ; deterrence of others; and discipline or punishment." (ECF No. 9-3, PageID.121.) Judge Jaklevic explained further:

> [I]f I'm going to depart from the guidelines I like to have a good reason[,] and why I don't feel the guidelines are proportional to what it should be, is you have a terrible history on probation. You don't follow any court's orders. You had a personal protection in this case; you weren't following that. Every one of your cases you messed up on, on probation just about.
>
> * * *

---

(i.e., Section 257.6256D or Section 257.625(6)(d)), in the Information (ECF No. 9-4, PageID.161), Amended Information (*Id.*, PageID.163), Case Register of Actions (*Id.*, PageID.155), MDOC Presentence Investigation Report (*Id.*, PageID.237), Sentencing Information Report (*Id.*, PageID.159), Judgment and Commitment to MDOC (*Id.*, PageID.152), Order Appointing Appellate Counsel (*Id.*, PageID.169), and the MDOC Basic Information Report (*Id.*, PageID.251).

However, paragraph d does not currently exist in Section 257.625(6) of Michigan's Compiled Laws. The State appears to have convicted Petitioner of an offense last defined in Section 257.625(6)(d) approximately 25 years ago. *Compare* 1994 Mich. Pub. Acts 918-20 (amending Section 257.625(6) to define intoxication for those under 21 years of age and amending Section 257.625(9) to articulate penalties for repeat offenders) *with* 1993 Mich. Pub. Acts 2402-03. But for the repeated references to the Petitioner being charged with his third offense of operating under the influence, he might be forgiven for not knowing under which specific crime the State charged him.

To be sure, the State's citation to the wrong statute may be considered misleading. Nonetheless, the State provided notice of the charge through its repeated descriptions. Petitioner's notice of the correct crime he was charged under is further evidenced by Petitioner's appellate briefs both to the Michigan Court of Appeals, ECF No. 9-4, PageID.145, and the Michigan Supreme Court, ECF No. 9-5, PageID.213, which appropriately cited to Section 257.625(9). Where a criminal defendant is aware of the crime he is charged with committing, the "designation by the pleader of the statute under which he purported to lay the charge is immaterial." *United States v. Hutcheson*, 312 U.S. 219, 229 (1941). Thus, the State's reference to charges under 257.6256D does not provide grounds for habeas relief where, as is the case here, Petitioner has not alleged prejudice. *See United States v. Hall*, 979 F.2d 320, 323 (3d Cir. 1992) ("[C]itation of the wrong statute in an indictment is not grounds for reversal unless the defendant was misled to his or her prejudice."); *United States v. Fekri*, 650 F.2d 1044, 1046 (9th Cir. 1981) ("Where there has been no prejudice and the error is merely an error in the citation, reversal is not required.") (citing *Williams v. United States*, 168 U.S. 382 (1897)); *see also George v. Bell*, No. 2:08-CV-13254, 2009 WL 1620409, at *4-5 (E.D. Mich. June 9, 2009) (finding the Michigan Court of Appeals did not exceed its authority amending a judgment of sentence to cite to the Prosecuting Attorney Charging Code, 257.6256D, rather than to the appropriate reference in Michigan Compiled Laws).

3

> I try to – I run a sobriety court here, I try to work with people; I try to give them a second chance, but your problems are more than just drinking. Okay? It's more than just alcohol. You engage in criminal behavior. It's not just alcohol for you. I don't know what – why you continue to break the law. I wish you wouldn't. I'm sure your family would want you around. It sounds like that's great that you're working now. I applaud you for that. Had it not been for that, I'd probably be giving you more time than I'm about to. Okay?

(*Id.*, PageID.122-123.) Soon thereafter, Judge Jaklevic sentenced Petitioner to a minimum of 40 months up to a maximum 60 months in prison. (ECF No. 9-3, PageID.123-124.)

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which the court denied on January 2, 2018. (ECF No. 9-4, PageID.126.) Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which that court denied on July 3, 2018. (ECF No. 9-5, PageID.197.) Both of Petitioner's applications for leave to appeal filed with the state appellate courts cited the same three grounds presented in his habeas petition. (ECF No. 9-4, PageID.137; ECF No. 9-5, PageID.205.)

In short, Petitioner filed the instant habeas corpus petition again challenging Judge Jaklevic's decision to sentence Petitioner to a minimum of 40 months in prison, which was an upward departure from the guidelines. According to the Sentencing Information Report, the sentencing guidelines specified a range for Petitioner's minimum sentence of 10 to 28 months. (ECF No. 9-5, PageID.252.)

In addition to challenging the minimum sentence directly as unreasonable and disproportionate, Petitioner challenges the minimum sentence on due process grounds alleging Judge Jaklevic, the sentencing judge, had previously prosecuted Petitioner's prior driving offenses—presumably Petitioner's drunk driving offenses in 2004 and 2011. Petitioner also contends that his trial counsel failed to offer effective assistance because he did not object to the appointment of the Judge Jaklevic to Petitioner's case.

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.    Unreasonable and Disproportionate Minimum Sentence

Petitioner's first ground for relief argues that the minimum term of his sentence is unreasonable and disproportionate to his sentence. (Pet., ECF No. 1, PageID.5.)

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v.*

*Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

To the extent Petitioner intends to suggest that his sentence was disproportionate under *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990) or unreasonable under *People v. Steanhouse*, 902 N.W.2d 327 (Mich. 2017), he fails to raise a cognizable habeas claim. In *Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). Nearly three decades later, in *Steanhouse*, Michigan Supreme Court held that a sentencing court's departure from the sentencing guidelines is unreasonable if the court abused its discretion. *Steanhouse*, 902 N.W.2d at 335. The proper test for determining whether the sentencing court abused its discretion, it held, is found in *Milbourn*'s proportionality analysis. *Id.* In other words, a sentence departing from the guidelines is unreasonable if it is

7

disproportionate. Clarifying its holding, the *Steanhouse* court expressly rejected adopting factors used by the federal courts. *Id.* It is plain that *Milbourn*, and thus *Steanhouse*, were decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Thus, Petitioner's claim based on *Milbourn* and *Steanhouse* is not cognizable in a habeas corpus action.

Moreover, insofar as Petitioner's claim asserts that his sentence was unreasonable or disproportionate under the Eighth Amendment, that claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner was sentenced to a minimum of 40 months imprisonment. Thus, he was not sentenced to death or life in prison without the possibility of parole. Further, Petitioner's sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Petitioner also fails to demonstrate a due process violation. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Explaining its reasons for departing from the guidelines, the sentencing court articulated that Petitioner "do[es]n't follow any court's orders" including violating a personal protective order. (ECF No. 9-3, PageID.122.) The sentencing court further pointed to Petitioner's "terrible history on probation." (*Id.*) Moreover, "[Petitioner's] problems are more than just drinking . . . [i]t's more than just alcohol." (*Id.*) The court stated that "[Petitioner] engage[s] in

9

criminal behavior," identifying that Petitioner's face sheet showed "three prior felonies and eight misdemeanors." (*Id.*)

However, Petitioner does not identify any facts found by the court at sentencing that were either materially false or based on false information. Instead, he asserts that the sentencing court "based its sentence on the exact facts that constitute the underlying crime of repeat drunk driving." (Pet'r's Br., ECF No. 2, PageID.33.) He therefore fails to demonstrate that his sentence violated due process. *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court).

Finally, Petitioner's sentence is not unconstitutional simply because the state sentence might have been different had the federal sentencing guidelines been applied. *See Cowherd v. Million*, 260 F. App'x 781, 787 (6th Cir. 2008). As the Sixth Circuit has recognized, "[t]he Supreme Court has not . . . ever held or suggested that state sentences and federal sentences must approximate each other in order to pass constitutional muster." *Id.*

For these reasons, the state-court's rejection of Petitioner's unreasonable and disproportionate sentence claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). Accordingly, I recommend the Court deny Petitioner's first ground for habeas relief.

### IV.    Judicial Bias

Petitioner's second ground for relief argues that Judge Jaklevic, the sentencing judge, was biased against him because Judge Jaklevic had previously served as prosecutor during Petitioner's prior driving offenses. (Pet., ECF No. 1, PageID.6.)

To the extent Petitioner intends to suggest that Judge Jaklevic violated state laws in allegedly failing to comply with Michigan Court Rule 2.003(C)(1) in failing to recuse himself, he fails to raise a cognizable habeas claim as explained above in Part III.

Petitioner likewise fails to maintain a claim alleging Judge Jaklevic violated Petitioner's federal constitutional protections. "Due process requires a fair trial before a judge without actual bias against the defendant or an interest in the outcome of his particular case." *United States v. Armstrong*, 517 U.S. 456, 468 (1996); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness requires an absence of *actual* bias in the trial of cases.") (emphasis added)). However, because of the difficulty in determining "whether a judge harbors an actual, subjective bias," the courts look to "whether, as an objective matter, the average judge in [that judge's] position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (internal quotations omitted); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 883 (2009).

The Supreme Court has recognized constitutionally impermissible, objective indicia of bias in the following types of cases: (1) those cases in which the judge "has a direct, personal, substantial pecuniary interest in reaching a [particular] conclusion," *Tumey v. Ohio*, 273 U.S. 510, 523 (1997) (subsequently expanded to include even indirect pecuniary interest, *see Railey v. Webb*, 540 F.3d 393, 399-400 (6th Cir. 2008); (2) certain contempt cases, such as those in which the "judge becomes personally embroiled with the contemnor," *Murchison*, 349 U.S. at 141 (subsequently clarified to involve cases in which the judge suffers a severe personal insult or attack from the contemnor); and (3) cases in which a judge had prior involvement in the case as a prosecutor, *Williams*, 136 S. Ct. at 1905 (citing *Withrow v. Larkin*, 421 U.S. 35, 53 (1975). The

11

courts indulge "a presumption of honesty and integrity in those serving as adjudicators." *Withrow*, 421 U.S. at 47; *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013) (citing, *inter alia*, *Withrow*, 421 U.S. at 47). "The presumption of impartiality stems not merely from the judicial-bias caselaw, but from the more generally applicable presumption that judges know the law and apply it in making their decisions, *see Lambrix v. Singletary*, 520 U.S. 518, 532 n. 4 (1997), and the even more generally applicable presumption of regularity, *see Parke v. Raley*, 506 U.S. 20, 30-31." *Coley*, 706 F.3d at 751.

Here, Petitioner asserts Judge Jaklevic had objective indicia of bias because the judge had prosecuted Petitioner's previous driving offenses. In *Williams,* the Supreme Court vacated a Pennsylvania Supreme Court decision where Pennsylvania's Chief Justice participated in reinstating a death penalty sentence after having been the prosecutor who earlier approved seeking the death penalty in that case. *Williams*, 136 S. Ct. at 1903, 1910. But *Williams* never held that a judge's prosecution of a defendant's *prior* cases created a constitutionally intolerable likelihood of bias. The *Williams* Court addressed a judge deciding whether to enforce a sentence that he had earlier approved serving as a prosecutor in the same case. By contrast, Petitioner here attempts to disqualify his sentencing judge merely for serving as a prosecutor in Petitioner's prior cases years earlier with sentences that had since been discharged.

Moreover, Petitioner has failed to allege facts demonstrating Judge Jaklevic's "earlier significant, personal involvement as a prosecutor in a critical decision" in any of Petitioner's cases let alone the instant case. *See id.* at 1910. As the State notes, "[t]he trouble with [Petitioner's] claim is that [he] provides no evidence supporting it." (Answer, ECF No. 8, PageID.85.)  Petitioner offers nothing to support his allegation beyond a news story reporting that

the then-prosecutor Jaklevic would replace a retiring 77th District judge. (Pet'r's Br., ECF No. 2-1, PageID.38.)

The Michigan Court of Appeals, in a form order, rejected Petitioner's judicial bias argument as meritless. *See People v. Hubbard*, No. 340999 (Mich. Ct. App. Jan 2, 2018), http://publicdocs.courts.mi.gov/coa/public/orders/2018/340999(8)_order.pdf. But, the fact that the analysis is curt does not make it unreasonable. The record amply supports the conclusion that Judge Jaklevic's sentence was free of constitutionally impermissible, objective indicia of bias. At a minimum, the "state courts enjoy broad discretion" interpreting *Williams* "[w]here the precise contours" of its holding remain unclear. *White*, 572 U.S. at 424.

The court of appeals' rejection of Petitioner's due process claim, therefore, is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, I recommend the Court deny Petitioner's second ground for habeas relief.

### V. Ineffective Assistance of Counsel

Petitioner's third ground for relief argues that his trial counsel provided ineffective assistance because he failed to object to Judge Jaklevic's appointment to the case. (Pet., ECF No. 1, PageID.8.)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687.

A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is ordinarily not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Petitioner's argument fails both *Strickland* prongs.  First, Petitioner argues that trial counsel was deficient because he failed to "challenge the trial court's assignment to the instant case[], in spite of [the trial court's] earlier role as the prosecutor" in Petitioner's previous cases. (Pet'r's Br., ECF No. 2, PageID.28.)  Part IV of this Report and Recommendation makes clear why trial counsel lacked justification to demand judicial recusal under federal law.  Further, although Petitioner cites Michigan Court Rule 2.003(C)(1)(d) as a state ground requiring Judge Jaklevic's recusal, the Rule's requirement here is ambiguous at best.

The Rule disqualifies a state judge who "has been consulted or employed as an attorney in the matter in controversy."  Mich. Ct. R. 2.003(C)(1)(d).  But Petitioner offers no authority why "the matter in controversy" should be read so liberally as to sweep in previous cases for earlier offenses.  Indeed, the Michigan Court of Appeals has expressed otherwise: "'[m]erely proving that a judge was involved in a prior trial or other proceeding against the same defendant does not amount to proof of bias for purposes of disqualification'" under Rule 2.003(C)(1)(d). *City of Dearborn v. Burton-Katzman Dev. Co.*, 2014 WL 7212895, at *14 (Mich. Ct. App. Dec.

18, 2014) (quoting *People v. Upshaw*, 431 N.W.2d 520, 521 (Mich. Ct. App. 1988)).  The court of appeals clarified that Rule 2.003(C)(1)(d) does not require recusal of a judicial or quasi-judicial figure who simply "had previously served as opposing counsel in a [previous] case against" an instant party.  *Burton-Katzman*, 2014 WL 7212895, at *14.  Instead, a challenging party must at least allege conduct "display[ing] deep-seated favoritism or antagonism" to show bias.  *Id.*  Petitioner alleges no such conduct.  Having no right to demand Judge Jaklevic's recusal, Petitioner has failed to overcome the presumption that trial counsel's challenged action might be considered sound trial strategy.  *See Strickland*, 466 U.S. at 689 (citing *Michel*, 350 U.S. at 101).  Thus, Petitioner fails to satisfy *Strickland*'s deficiency prong.

Likewise, Petitioner fails to satisfy *Strickland*'s prejudice prong.  At Petitioner's sentencing hearing, Judge Jaklevic articulated reasons not only for departing from the sentencing guidelines, but also for not imposing a minimum sentence that was higher yet.  Further, as Petitioner recognized at his plea hearing, the offenses to which he pleaded guilty corresponded to a maximum possible sentence of seven-and-one-half years, or 90 months.  (*See* Sentencing Hr'g Tr., ECF No. 9-2, PageID.110:22-23; *see also* Sentencing Information Report, ECF No. 9-5, PageID.252.)  As a third-time offender operating a vehicle under the influence, the maximum statutory sentence in Michigan is five years.  *See* Mich. Comp. Laws § 257.625(9)(c)(i).  Petitioner also pleaded guilty to the habitual felony offender violation under Section 769.10, which gave the sentencing judge discretion to increase Petitioner's maximum sentence from five years to seven-and-one-half years.  *See* Mich. Comp. Laws § 769.10(1)(a).  And yet, Judge Jaklevic opted against increasing Petitioner's maximum sentence.  (*See* J. Sentence, ECF No. 9-5, PageID.220.)  Petitioner has failed to demonstrate how the result of the sentencing proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  He merely speculates that the minimum sentence could

have been lower and more aligned with the guidelines had another judge presided. Perhaps Petitioner's minimum sentence might have been lower. On the other hand, both his minimum and maximum sentences could have been higher. Thus, Petitioner fails to satisfy *Strickland*'s prejudice prong.

For both reasons, the court of appeals' rejection of Petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, I recommend the Court deny Petitioner's third ground for habeas relief.

For all these reasons, the state-court's rejection of Petitioner's claims was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). Accordingly, I recommend the Court deny Petitioner's petition.

### **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would

16

find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied.

Dated: January 24, 2020                    /s/ Ray Kent
                                           United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).